IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEROY CRAIG SMITH, TDCJ #610572, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-3439 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

The petitioner, Leroy Craig Smith (TDCJ #610572), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Smith has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction that was entered against him in 1989. After considering all of the pleadings and the applicable law as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court dismisses this case for the reasons explained briefly below.

## I. BACKGROUND

Smith is presently confined at the Pam Lychner Unit in Humble following the revocation of his parole. Smith challenges a conviction and five-year sentence that

was imposed by the 292nd District Court of Dallas County, Texas, in cause number F8973938-V on October 5, 1989.[1] Smith entered a guilty plea to robbery charges in that case and did not appeal.[2]

In a petition that was received for filing on November 9, 2017, Smith contends that he is entitled to federal habeas corpus relief from his conviction for the following reasons: (1) he was charged with other offenses (aggravated robbery and assault on a public servant with a deadly weapon) when the robbery charge in cause number F8973938-V was brought to Smith's attention; (2) defense counsel used "scare tactic[s]" to coerce his guilty plea; (3) defense counsel convinced Smith to plead guilty because he did not want to go to trial; and (4) defense counsel failed to give competent advice and did not act in Smith's best interest.[3] Federal habeas review of these claims is not available because the petition is untimely.

## II. DISCUSSION

This case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which provides that all

---

[1] Petition [Doc. # 1], at 2, 5.

[2] *Id.* at 2; *see also* Texas Department of Criminal Justice, Offender Information, available at: https://offender.tdcj.texas.gov (last visited Nov. 27, 2017) (listing prior felony convictions for robbery, theft, and delivery of a controlled substance).

[3] Petition [Doc. # 1], at 6-7.

2

federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period. To the extent that Smith challenges a state court judgment of conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Smith did not pursue an appeal, the October 5, 1989 judgment that he challenges became final thirty days after it was entered. *See* TEX. R. APP. P. 26.2(a)(1). Habeas petitioners whose convictions became final before the AEDPA's effective date on April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court. *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998). Therefore, Smith had until April 24, 1997, to file a federal writ application to challenge his 1989 conviction. *See Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998). The pending petition, which could not have been filed before November 6, 2017,[4] is late by more than twenty years.

The form petition filed by Smith sets out the AEDPA statute of limitations in full and afforded him an opportunity to explain why his petition was not barred from

---

[4] The petition is undated, but it was filed with a motion for leave to proceed *in forma pauperis* that is dated November 6, 2017 [Doc. # 2, at 2]. Giving Smith the benefit of the prison mailbox rule, the petition could not have been filed sooner than November 6, 2017.

3

federal habeas corpus review by 28 U.S.C. § 2244(d).[5] Smith provided no explanation for his decision to delay seeking relief. The pleadings do not otherwise disclose any basis for tolling the statute of limitations. In that respect, Smith has not alleged facts showing that state action impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor does there appear to be a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Smith does not allege facts showing that he has pursued state collateral review or that he sought federal review with the requisite diligence or that equitable tolling is available. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Accordingly, the petition will be dismissed as barred by the governing one-year statute of limitations.

## III. <u>CERTIFICATE OF APPEALABILITY</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability under 28 U.S.C. § 2253(c)(2) when it enters a final order adverse to the applicant. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that

---

[5] Petition [Doc. # 1], at 10.

the petitioner is not entitled to a certificate of appealability because jurists of reason would not debate whether the procedural ruling in this case was correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition filed by Leroy Craig Smith [Doc. # 1] is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

3. The motion for leave to proceed *in forma pauperis* [Doc. # 2] is **DENIED**.

The Clerk shall provide a copy of this order to the petitioner.

SIGNED at Houston, Texas, on November 28, 2017.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE